IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| BILLY McLAIN, §<br>TDCJ-CID No. 02082431, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>OFFICER SENA, *et al.*, §<br>§<br>Defendants. § | 5:23-CV-090-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO
GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is a Motion for Summary Judgment (the "Motion") filed by Defendants Brittney Miller and Clinton Reid. (ECF 32). For the reasons stated herein, the Magistrate Judge recommends that the Motion be GRANTED.

### I. FACTUAL BACKGROUND

An inmate at the Montford Unit of the TDCJ, Plaintiff Billy McLain ("McLain") alleges that, on July 6, 2021, he was to be escorted to a new cell by Officer Sena. During the transfer, an incident arose whereby Officer Sena allegedly punched McLain several times in the face and back of the head while holding a set of cell door keys. (ECF 2 at 2). Other officers then placed McLain back in his cell. (*Id.*). McLain alleges that Defendant Clinton Reid ("Reid") took photos of McLain's injuries, but denied his requests for medical attention and witness statements. (*Id.*). The next day, McLain was transferred to the Clements Unit, where he states that he reported Officer Sena's excessive use of force to Defendant Brittney Miller ("Miller). He alleges that he again asked for medical attention, which Miller refused. (*Id.* at 2-3). McLain does not claim that either Reid or

1

Miller participated in the use of force against him, but alleges that his need for medical attention should have been obvious to them, due to the bruising on his face. (*Id*. at 3).

McLain filed suit on April 19, 2023, asserting claims of excessive force against Officer Sena, and deliberate indifference against Reid and Miller, all in violation of the Eighth Amendment. The attorney general reported that TDCJ had no employee named Officer Sena; therefore, on January 9, 2024, the Court ordered McLain to either provide the proper name for this defendant or a service address if he maintained that the name was accurate. (ECF 29). McLain failed to respond to the order; therefore, Officer Sena was dismissed from this suit on March 15, 2024. (ECF 31).

On March 28, 2024, Reid and Miller filed the Motion, alleging that (1) they are entitled to summary judgment on McLain's claims based on their affirmative defense of qualified immunity, and (2) the Eleventh Amendment bars McLain's claims for money damages against them in their official capacities. McLain did not respond to the Motion.

## II. SUMMARY JUDGMENT STANDARD

**A.    Summary Judgment Standard.**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th

Cir. 1981).

The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc*., 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must provide affirmative evidence to defeat summary judgment. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor...unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp*., 98 F. App'x 335, 338 (5th Cir. 2004). The Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all evidence but must not make any credibility determinations or weigh the evidence. *Turner v. Baylor Richardson Med. Ctr*., 476 F.3d 337, 343 (5th Cir. 2007).

**B.    Defendants' Qualified Immunity Defense Alters the Burden of Proof.**

Reid and Miller move for summary judgment on their affirmative defense of qualified immunity. "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Argueta v. Jaradi*,

86 F.4th 1084, 1088 (5th Cir. 2023) (citing *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)). Once an officer pleads qualified immunity, the plaintiff has the burden to establish that the officer violated the plaintiff's clearly established federal rights. *Argueta*, 86 F.4th at 1088 (citing *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005)). "This is a demanding standard." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1517 (2016). Because qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law, … we do not deny its protection unless existing precedent places the constitutional question beyond debate." *Argueta*, 86 F.4th at 1088 (internal citation omitted).

A qualified immunity defense alters the usual summary judgment burden of proof. *Brown v. Callahan*, 623, F.3d 249, 253 (5th Cir. 2010). "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id*. To determine if an official acting within the scope of his or her duties is entitled to qualified immunity, courts conduct a two-step analysis. First, they examine whether the plaintiff has shown a violation of a constitutional right under current law. *Bevill v. Fletcher*, 26 F.4th 270, 275 (5th Cir. 2022) (quoting *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019)). Second, if a violation has occurred, courts determine whether the right in question was "clearly established" at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct. *Id.* In short, an officer is entitled to qualified immunity "if there is no violation, or if the conduct did not violate law clearly established at the time." *Bailey v. Iles*, No. 22-30509, 2023 WL 8062239 at *2 (5th Cir. Nov. 21, 2023). Courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at

4

hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Each Defendant's conduct must be analyzed separately to determine if he or she is entitled to qualified immunity.

### C. Plaintiff's Failure to Respond is Not Dispositive.

When a nonmoving party does not file a response to a motion for summary judgment, the failure to respond "does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023). As the United States Court of Appeals for the Fifth Circuit has explained:

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id*. at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (*citing Hibernia*). Moreover, FED. R. CIV. P. 56(e) provides that:

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Therefore, Defendants still must provide sufficient evidence upon which the Court may base a summary judgment. Failure to do so requires the Court to deny the Motion, even if it is unopposed.

### III. LEGAL ANALYSIS

To defeat the Motion, McLain must show that Defendants' qualified immunity defense is unavailable. *King v. Handorf*, 821 F.3d 650, 653–54 (5th Cir. 2016) (internal quotation marks and citations omitted). "The plaintiff must rebut the defense by establishing that the official's allegedly

wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Id*. at 654 (quoting *Gates v. Texas Dep't of Protective & Regulatory Servs*., 537 F.3d 404, 419 (5th Cir. 2008)). "To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present 'absolute proof,' but must offer more than 'mere allegations.'" *Id.* (quoting *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009)).

A. **Deliberate Indifference.**

A prison official's deliberate indifference to the serious medical needs of a prisoner can constitute a violation of the Eighth Amendment actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is an "extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires a finding that the defendant "disregards a risk of harm of which he is aware" and does not permit such a finding based on mere "failure to alleviate a significant risk that [the person] should have perceived but did not[.]" *Farmer v. Brennan*, 511 U.S. 825, 836-40 (1994). A plaintiff must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (citation and internal quotation omitted); *see also McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) ("Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind.").

The deliberate indifference standard has both an objective and subjective component. *See Farmer*, 511 U.S. at 834. To establish deliberate indifference, McLain must show that Defendants were both (1) aware of facts from which an inference of an excessive risk to McLain's health or

safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed. *Id.* at 837; *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). Under the subjective prong of this analysis, a prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847). "A showing of deliberate indifference requires the prisoner to submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Gobert*, 463 F.3d at 346 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'").

**B.    Plaintiff Has Provided No Evidence of Serious Medical Need.**

McLain has provided no evidence that he had a "serious medical need" that went unheeded by either Defendant. A serious medical need is "one for which treatment has been recommended or for which the need is so apparent that even a layman would recognize that care is required." *Gobert*, 463 F.3d at 339 n.12. "[T]he facts . . . must clearly evince the medical need in question and indicate that the denial of treatment was much more likely than not to result in serious medical consequences." *See Johnson*, 759 F.2d at 1238.

In his Complaint, McLain alleges that he had facial bruises that should have put Defendants on notice that he needed medical care. However, he provided no evidence to support this assertion in response to Defendants' Motion. The undisputed evidence before the Court shows the opposite. The alleged attack occurred on July 6, 2021; McLain was seen by medical personnel on July 9,

2021. (ECF 42 at 54). At that time, medical personnel noted that McLain had no cuts, bruises or sores, and determined that his thought processing was coherent, logical and well-organized. (*Id.* at 55). The records listed no "current healthcare complaint" at the time he was seen, three days after the attack. (*Id.*). Therefore, there is no evidence that McLain had a "serious medical need" that was ignored by either Neil or Miller such that they exhibited deliberate indifference in violation of McLain's constitutional rights.

Because McLain has not established a constitutional violation, he has not shown that the qualified immunity affirmative defense is unavailable to either Reid or Miller. Defendants are entitled to qualified immunity on McLain's claims and their Motion should be granted.

## RECOMMENDATION

As set forth above, the U.S. Magistrate Judge recommends that Defendants' Motion For Summary Judgment be GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 1, 2024.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).